[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 27, 2005
THOMAS K. KAHN
CLERK

No. 05-11398

_____

D. C. Docket No. 03-00347-CV-B-E

THOMAS E. KONDRAK,

Plaintiff-Appellant,

versus

ANTHONY J. PRINCIPI,
Secretary, Department of Veterans Affairs,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(December 27, 2005)**

Before CARNES, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Thomas E. Kondrak ("Kondrak") appeals from the district court's entry of

summary judgment against him in his employment discrimination lawsuit against

his employer, the Department of Veterans Affairs ("VA").[1]  After review of the record and oral argument, we affirm.

Kondrak, a white male, was employed at the Tuskegee, Alabama VA Medical Center as the Chief of Recreation Therapy Services from 1990 through approximately March 1998.  In 1996, the Tuskegee Medical Center merged with the Montgomery, Alabama VA Medical Center to form the Central Alabama Veterans Health Care System ("CAVHCS").  Kondrak charges that he suffered race and retaliation discrimination at the hands of the VA in the aftermath of the merger, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").  See 42 U.S.C. § 2000e-2(a).  Specifically, Kondrak alleges discrimination based on his 1997 non-selection for a newly-established position with CAVHCS in favor of a black woman; his 1998 reassignment to a non-supervisory position; his 2002 non-selection for a supervisory position; and his filing of Equal Employment Opportunity complaints.

The parties consented to have the case decided by a magistrate judge, and in a February 28, 2005 order, the magistrate judge granted summary judgment in favor of the VA on all counts.  Kondrak timely appealed.[2]

---

[1]We acknowledge that the actual named defendant is the Secretary of the VA, Anthony J. Principi, but we refer to the defendant as the VA for the sake of simplicity.

[2]We review the magistrate judge's grant of summary judgment de novo, applying the same standard as the magistrate judge.  See Troupe v. Sarasota County, 419 F.3d 1160, 1165

On appeal, Kondrak argues that the magistrate judge: (1) applied the incorrect standard in granting the VA's motion for summary judgment, by construing certain disputed facts in favor of the VA; (2) chose improper comparators for Kondrak; (3) ignored or improperly distinguished case law from this Circuit requiring employers to establish objective standards for hiring and job postings; and (4) improperly excluded certain of Kondrak's proposed evidentiary submissions that were offered in opposition to the VA's motion for summary judgment.[3]

We conclude that all of Kondrak's claims of error lack merit, and affirm the magistrate judge's grant of summary judgment to the VA. Additional discussion is warranted only as to Kondrak's race discrimination claim and only as to his 1997 non-selection for the CAVHCS position of Chief for Voluntary and Recreation Therapy Services.[4]

Prior to the merger of the two medical centers, Phyllis Alston ("Alston"), a

---

(11th Cir. 2005). Summary judgment is only appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law, and we must take all inferences in the light most favorable to the non-movant. See Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999).

[3]We review evidentiary rulings for abuse of discretion. See United States v. Lyons, 403 F.3d 1248, 1250 (11th Cir.), cert. denied, 126 S. Ct. 732 (2005).

[4]We note at the outset of this discussion that we may affirm on any ground supported by the record, even one not relied on by the trial court. See Cochran v. U.S. Health Care Fin. Admin., 291 F.3d 775, 778 n.3 (11th Cir. 2002).

black female, held a GS-13 position as Associate Chief of Social Work, and Kondrak held a GS-12 position as Chief of Recreation Therapy Services. Both Alston and Kondrak worked at the Tuskegee Medical Center prior to the merger. Due to the merger, various positions at the Tuskegee and Montgomery Medical Centers were combined. This process spawned the newly-created position of Chief for Voluntary and Recreation Therapy Services, which consolidated the Voluntary Services Chief positions at both the Montgomery and Tuskegee Medical Centers and also subsumed Kondrak's pre-merger position of Chief of Recreation Therapy Services. The newly-created position carried a GS-13 rating.

In November 1997, Jimmy Clay ("Clay"), the Health Care Systems Director of CAVHCS and a black male, appointed Alston to this newly-created position of Chief for Voluntary and Recreation Therapy Services. Kondrak contends that he was improperly passed over for the position, in favor of Alston, on the basis of race. The VA counters that Alston was chosen over Kondrak because the VA had a "desire and need" to place Alston "in a position of a similar grade [GS-13] as that from which she was being displaced as a result of the merger."

As this is undisputedly a case in which Kondrak's proffered evidence in support of his Title VII claims is circumstantial, the magistrate judge correctly applied the familiar burden-shifting framework outlined by the Supreme Court in

4

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S. Ct. 1817, 1824-25 (1973) and Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-56, 101 S. Ct. 1089, 1093-95 (1981).  Under McDonnell Douglas and its progeny, the employee has the initial burden of establishing a prima facie case of unlawful race discrimination, by a preponderance of the evidence, by showing that (1) he belongs to a protected group; (2) he was subjected to an adverse employment action; (3) he was treated less favorably than similarly situated employees outside his race; and (4) he was qualified to do the job.  See Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997); see also Hall v. Ala. Ass'n of Sch. Bds., 326 F.3d 1157, 1166 (11th Cir. 2003).

If the employee establishes a prima facie case of race discrimination, the burden then shifts to the employer to rebut the presumption of discrimination by articulating a legitimate, non-discriminatory reason for the adverse employment action.  Hall, 326 F.3d at 1566.  The employer's burden is merely one of production, not persuasion.  Id.  Finally, if the employer meets its burden of production, the employee must persuade the court that the employer's proffered legitimate, non-discriminatory reason is merely pretext for discrimination.  Id.  The employee can meet his burden of persuasion "either directly, by persuading the court that a discriminatory reason more than likely motivated the employer, or

5

indirectly, by persuading the court that the proffered reason for the employment decision is not worthy of belief." Id. Either way, in attempting to establish pretext, it is crucial that the employee "meet [the proffered legitimate] reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." Chapman v. AI Transp., 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc) (emphasis added).

Here, in analyzing Kondrak's 1997 non-selection for the position of Chief for Voluntary and Recreation Therapy Services, the magistrate judge correctly chose to apply the McDonnell Douglas framework, and further correctly concluded that, for purposes of the motion for summary judgment, the VA did not dispute that Kondrak could establish a prima facie case of discrimination. The magistrate judge then correctly concluded that the VA had met its burden of production by proffering a legitimate, non-discriminatory reason for Kondrak's non-selection. Specifically, the VA's "desire and need to place" Alston "in a position of a similar grade as that from which she was being displaced as a result of the merger"—in other words, keeping Alston in a GS-13 position—qualifies as a legitimate, non-discriminatory reason for Kondrak's non-selection. As such, the magistrate judge next addressed the issue of whether Kondrak could establish a genuine issue of material fact as to pretext.

6

Although the magistrate judge correctly turned to the pretext issue as the next, and final, step in her analysis of Kondrak's claim of race discrimination vis a vis Kondrak's 1997 non-selection for the position of Chief for Voluntary and Recreation Therapy Services, the magistrate judge unnecessarily undertook an extensive analysis of Kondrak's and Alston's relative qualifications for the GS-13 position. Again, as we stated in Chapman, a plaintiff must meet "head on" a proffered legitimate, non-discriminatory reason for an adverse employment action. Chapman, 229 F.3d at 1030. Here, the legitimate, non-discriminatory reason proffered by the VA was not that Alston was more qualified than Kondrak, although that conceivably could have been a legitimate, non-discriminatory reason for Kondrak's non-selection. See, e.g., Cofield v. Goldkist, Inc., 267 F.3d 1264, 1268 (11th Cir. 2001). Instead, the legitimate, non-discriminatory reason proffered by the VA and accepted by the magistrate judge was that the VA did not want to lower the GS grades of any VA employees in the aftermath of the merger, and it is undisputed that prior to the merger, Alston was a GS-13, while Kondrak was a GS-12. Thus, summary judgment was actually appropriate on Kondrak's 1997 race discrimination claim simply because Kondrak's argument that he was more qualified for the position than Alston failed to meet "head on" the VA's legitimate,

non-discriminatory reason.[5]

We do not quarrel with the magistrate judge's conclusions regarding Kondrak's qualifications as compared to Alston, or that their relative qualifications also fail to establish pretext. These conclusions were clearly correct, given that the evidence showed Alston to have certain attributes that Kondrak did not have, and further given our well-established precedent that a showing of pretext based on relative qualifications must be "'so apparent as virtually to jump off the page and slap you in the face.'" Id. at 1268 (citations omitted). We simply note that the analysis of Kondrak's and Alston's relative qualifications was unnecessary.

In conclusion, we affirm the magistrate judge's grant of summary judgment in favor of the VA on all counts.

**AFFIRMED.**

---

[5]Kondrak also argues that the VA's legitimate, non-discriminatory reason is pretextual because Alston was promoted to her GS-13 Associate Chief position just prior to the merger, at a time when Associate Chief positions were "being phased out," while Kondrak was due to be promoted to a GS-13 position just prior to the merger, but "Mr. Edwards, Chief of Personnel," stopped the promotion. While this evidence at least tangentially addresses the VA's legitimate, non-discriminatory reason in a way that Kondrak's evidence of his allegedly superior qualifications does not, the evidence proffered by Kondrak is also insufficient to create an issue of material fact as to pretext. According to Kondrak himself, Clay, the ultimate (black) decision-maker for the November 1997 newly-established position of Chief for Voluntary and Recreation Therapy Services, was actually the same person who "initially approved" Kondrak's pre-merger GS-13 promotion. There is no evidence that either Alston's pre-merger promotion to GS-13 or Kondrak's pre-merger "loss" of a GS-13 promotion were based on any racially discriminatory animus, and as such, the pre-merger promotions are simply irrelevant to the pretext analysis.

8